### John Smith *versus* Inhabitants of Readfield.

When money claimed as rightfully due, is paid voluntarily and with a full knowledge of the facts, it cannot be recovered back, if the party to whom it has been paid, may conscientiously retain it.

Where a person has paid the amount of taxes assessed upon him, he cannot recover it back, upon the ground that the assessment was illegally made, if there be no proof, that he was compelled to pay any portion thereof by duress of his person or seizure of his property, or that any part was paid under protest, and to avoid such arrest or seizure.

The mere fact that the taxes were paid to collectors, who had warrants for the collection, affords no satisfactory proof of payment by duress.

A person paying taxes illegally assessed upon him, cannot recover the amount of the town, without proof of payment to the treasurer of the town, or to some other legal officer or agent of the town, authorized to receive the money.

At the trial before Whitman C. J. the parties, respectively, introduced their evidence, which was reported in full, and covered more than twenty pages; and they then agreed, that the cause should be taken from the jury; and that the Court should make such inferences from the evidence, as a jury might

do, and upon the whole case, enter such judgment as justice and law might require, upon nonsuit or default.

The view taken of the evidence by the Court, so far as the same was pertinent to the points decided, appears in the opinion of the Court.

The case was fully argued, on May 17, 1847, by

*Wells* and *Morrill,* for the plaintiff — and by

*Evans* and *H. W. Paine,* for the defendants.

The arguments were mainly in reference to points, which the Court did not find necessary to determine in making the decision.

For the defendants, it was objected, among other points made, that there was no evidence in the case, that the money had ever gone into the possession of the treasurer of the town. If then the plaintiff's counsel are right, in saying, that there were no legal officers of the town, they were but mere strangers, and the action cannot be supported against the town for any acts of theirs.

If the officers were legally chosen, then the payment was voluntary, and that is a waiver of any right to recover it back.

For the plaintiff, it was replied, that where taxes were illegally raised or assessed, and had been paid to the officers of the town, the law allowed the person paying it, to recover it back. The tax may be illegal, because the assessment and collection of it, were by persons assuming to be officers of the town, when in fact they were not so; but this does not prevent the recovery against the town. The statute has made the town liable and not the persons so acting in its behalf.

It is enough, that the plaintiff was called upon to pay the tax. He is not obliged to wait until his property is sold, in order to have the right to recover back an illegal tax after he has paid it.

The case was continued *nisi* for advisement, at May Term, 1847; and at the succeeding October Term, the opinion of the Court was delivered, drawn up as follows, by

SHEPLEY J. — The plaintiff claims to recover the amount of

taxes assessed upon him in the town of Readfield, during the years 1842, 3, 4 and 5, and which have been paid by him to the collectors, and to the surveyors of highways. He proved, that the several sums assessed to be paid in money, had been paid to the persons acting as collectors of taxes. There is no proof, that he was compelled to pay any portion of them by duress of his person or property; or that any part was paid under protest and to avoid an arrest of his person or seizure of his property.

When money claimed as rightfully due is paid voluntarily, and with a full knowledge of the facts, it cannot be recovered back, if the party, to whom it has been paid, may conscientiously retain it. *Brisbane* v. *Dacres*, 5 Taunt. 144; *Preston* v. *Boston*, 12 Pick. 7. According to the latter case, one peremptorily called upon to pay an illegal tax, by virtue of a warrant issued to a collector of taxes, may give notice, that he pays it by duress and not voluntarily, and may recover it back.

The witnesses in this case, being the collectors, state only, that they collected the taxes by virtue of the warrants issued to them. Taxes are so collected even when paid to the collector without any special call made for them. The mere fact, that they were paid to collectors, who had warrants for their collection, affords no satisfactory proof of a payment by duress. *Amesbury W. & C. Manuf. Co.* v. *Amesbury*, 17 Mass. R. 461. To constitute payment by duress, in such a case, there should be proof of an arrest of the body, or of a seizure of the property; or proof authorizing the conclusion, that such an arrest or seizure could be avoided only by payment. There is no such proof in this case. There can be no doubt, that the plaintiff must be considered as paying with a full knowledge of the facts, for they were within his own actual knowledge, or exhibited by the public records. And as little doubt, that the town may conscientiously retain the proportion of taxes assessed upon one of its inhabitants to defray State, county, and town expenditures.

The proof is still more conclusive, that the payments made to surveyors of highways, of the amounts assessed, to be paid

in labor, were voluntary. It does not appear, that the survey-ors had been authorized, according to the provisions of the statute, c. 25, § 78, to collect these taxes by warrants of distress. The plaintiff appears to have paid in part by procuring labor to be done on the highways ; and the residue appears to have been paid by agreements with the surveyors to accept a part of the amount of the taxes paid in money in satisfaction of the whole. A compulsory payment is disproved, for the plaintiff could not be compelled to perform labor or to cause it to be performed ; nor could he be compelled to make contracts and procure discharges in full by the payment in part of the sums assessed.

The plaintiff also insisted, that the collectors as well as the assessors and other officers of the town, were not legally chosen. The case states, that, " to prove that no assessors, or select-men, or constables, or collectors, or other town officers, were duly chosen and legally sworn during the years aforesaid, the plaintiff introduced the records of the several annual town meetings for those years."

There is no proof, that any part of the money paid by the plaintiff to the collectors has ever been paid by them to the treasurer of the town. Without proof of payment to him, or to some other legal officer, or agent of the town, authorized to receive it, the plaintiff must fail for want of proof, that the town has received the money.

These objections being sufficient to prevent a recovery, it will not be necessary to consider the other questions presented.

*Plaintiff nonsuit.*