INHABITANTS OF RAYMOND *versus* SAWYER, *Guardian.*

The creditor of a person under guardianship can maintain no action against the guardian.

A refusal to pay the just debts of his ward will constitute a breach of the guardian's *bond,* and the creditor may resort to a suit upon it, for indemnity.

ON FACTS AGREED.

ASSUMPSIT, against defendant, as guardian of Cylena H. Dyke, an insane married woman, who was decreed by the Judge of Probate to be insane, on the application of the overseers of the poor of Raymond, in June, 1853. Most of the charges were for money paid for her support at the Insane Hospital, in 1849, and all of them before the appointment of defendant. The defendant was duly appointed her guardian. The supplies were admitted to be correctly charged, and that the said Cylena was in need thereof. No exception is taken to the form of the action. If, in the opinion of the Court, the guardian was liable for these charges, and the plaintiffs are entitled to recover, the defendant is to be defaulted; otherwise the plaintiffs to become nonsuit.

The case was submitted without argument, by —

*Shepley & Dana*, for plaintiffs.

*Sawyer, pro se.*

HOWARD, J. — As a part of the general policy of the law, which subjects the property of an owner to the payment of his debts, it is made the duty of guardians to pay all just debts due from their wards, out of their estates. R. S., c. 110, § § 7, 20; Act of 1853, c. 6. A refusal to comply with this duty will constitute a breach of the guardianship bond, and the creditor may resort to a suit upon it, for indemnity. But one cannot be sued in his capacity of guardian, so as to render the estate of his ward liable to be taken on execution; for the judgment in such case, would go against the defendant, and not against the goods and estate of his ward in his hands, as was held in *Thacher* v. *Dinsmore*, 5 Mass. 301; *Exparte Leighton*, 14 Mass. 207.

In the prosecution and defence of suits, the guardian who appears for his ward, does not become a party to the proceedings; and if judgment be rendered against the ward, it may be satisfied by his property. And it has been held, that a creditor may maintain an action against an insane person, who must be defended by his guardian, and if judgment be against such person, that it may be satisfied from his estate,

in the hands of his guardian. *Thacher* v. *Dinsmore*, before cited. So, in *Hutchins* v. *Dresser*, 26 Maine, 76, it was held, that the provision of the statute, c. 110, § 21, that a guardian may " demand, sue for, and receive all debts due" to the ward, cannot be construed to authorize the guardian to maintain a suit, in his own name, to recover them. In such cases, and in legal procedure generally, where guardianship intervenes, the law regards the ward, and not his guardian, as the party to the proceedings.

*Plaintiff nonsuit.*

SHEPLEY, C. J., and RICE, HATHAWAY and CUTTING, J. J., concurred.