JOSEPH B. SANFORD *vs.* AUGUSTUS S. PHILLIPS.

Penobscot. Decided October 19, 1878.

*Insane persons.   Guardian and ward.   Costs.*

Where, after the commencement of a suit, the defendant is adjudged insane and a guardian appointed, by whom his estate is rendered insolvent, and the suit defended, the guardian is not liable for costs.

ON EXCEPTIONS.

ASSUMPSIT, where the verdict was against the insane defendant for $27.75, and the plaintiff claimed costs, $48.86, against the guardian, which the presiding justice *pro forma* allowed; and the guardian alleged exceptions.

*A. L. Simpson,* for the guardian.

*W. S. Clark,* for the plaintiff.

APPLETON, C. J.   This is an action upon an account annexed. Since its commencement, the defendant has been adjudged insane, and F. A. Simpson has been appointed his guardian and has represented his estate insolvent.   The plaintiff's account being contested, there was a trial, and a verdict for the plaintiff for the amount claimed.

The plaintiff asks for an execution for costs against the guardian.

By R. S., c. 66, §§ 16, 17, in certain cases, when an estate has been rendered insolvent, costs are allowed against an administrator.

It is provided by R. S., c. 67, § 15, that the guardian of an insane person " may, if necessary, represent said estate insolvent, with like proceedings, rights and liabilities as in the case of estates of deceased persons."

The argument is that, as the administrator may be liable to costs, so the guardian is under like liability.

But it will be seen by reference to R. S., c. 66, § 21, it is provided that " the provisions of this chapter are applicable to estates under the charge of executors; and of guardians of insane persons and of spendthrifts, except so far as they cannot be applied; and an allowance for the support of their wards and their families shall take the place of an allowance to widows and children."

There is a marked and obvious difference between guardians, and executors and administrators.  Guardians are not invested with the legal title to the property intrusted to them.  The *choses in action* of the ward do not become the property of the guardian.  Suits for their enforcement must be brought in the name of the ward.  *Hutchins* v. *Dresser*, 26 Maine, 76.  If the guardian defends an action it must be in the name of the ward, against whom alone an action is maintainable.  " The proper discharge of their duties," observes Chapman, J., in *Hicks* v. *Chapman*, 10 Allen, 463, " does not require them to subject themselves to any personal litigation or liability for costs."  If judgment is recovered against one under guardianship, the execution issues against the ward, and the levy is made upon his estate.  When a suit is brought or defended by one under disability it is prosecuted or defended by a guardian or *prochein ami*.  The *prochein ami* is no party to a suit and is not liable for costs.  *Leavitt* v. *Bangor*, 41 Maine, 458.  *Sanborn* v. *Merrill*, 41 Maine, 467. So, by statute, c. 67, § 13, the guardian is to " appear for and represent his ward in all legal proceedings, unless another is appointed for that purpose as guardian or next friend."  But whether a ward is defended by a guardian or next friend, the ward alone is the party to the litigation.  It is otherwise in suits by or against executors or administrators.  They have the title to the property in their charge.  They are parties to the suits, and executions issue in their name.  Not so with a guardian or *prochein ami*.  They are no parties to the suit.  They only " appear for and represent" their ward.  Not being, then, parties to the suit against their ward, no execution can or should issue against them.

But this seems fully provided for by statute.  By R. S., c. 82, § 32, " when a party to a suit becomes insane, it may be prosecuted or defended by his guardian, who, on application of his friend or of

the other party, may be appointed for that purpose by a justice of the court in term time or in vacation. He shall be entitled to a reasonable compensation, and not be liable for costs."

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH, LIBBEY and PETERS, JJ., concurred.