CHARLES H. LAWTON *vs.* JOHN P. FOX, Guardian.

MAY 27, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Guardian and Ward.   Equity.*

Where in a bill in equity to quiet title to real estate, brought against X. as
guardian of Y. a minor, the ward is not a party, there can be no valid
adjudication upon the rights of the ward.

*(2)   Guardian and Ward.   Infants.*

Both in law and in equity, in the absence of statute to the contrary, if recovery
or relief is sought against an infant the proceeding must be brought against
such infant and not against his guardian.

*(3)   Guardian and Ward.   Action Against Ward.   Guardian Ad Litem.*

Where an adjudication of rights between a person and an infant is sought,
the suit should be against the infant, in which a guardian *ad litem* should
be appointed for the protection of the infant and in making such appoint-
ment the court should consider whether in the circumstances of the case,
the interests of the infant would be better protected by the appointment of
the general guardian or of some other person.

BILL IN EQUITY.   Heard on appeal of respondent and
decree reversed.

SWEETLAND, C. J.   This is a bill in equity to quiet the
title to certain real estate situated in the city of Cranston
and described in the bill.

The bill is brought against John P. Fox, who is described
as "guardian of the person and estate of Louise Frances
Lawton, a minor under the age of twenty-one years". It
is alleged in the eighth paragraph of the bill, as follows:
"The complainant is advised that his right, title, or right of

possession to said described premises is disputed and denied by the respondent."

The cause was heard before a justice of the Superior Court who ordered the entry of a decree, in which no relief is granted to the complainant against the respondent John P. Fox, but in said decree it is adjudged as follows: "Third: The said Cora E. Lawton deceased, (wife of complainant) not being seized and possessed of an estate of inheritance of the premises described in said bill of complaint, the said Louise Frances Lawton, as heir at law or next of kin of the said Cora E. Lawton took no estate, title or interest under said conveyance or in the premises described in said bill of complaint."

The respondent appealed from the entry of said decree and the cause is before us upon his appeal. Since the minor, Louise Frances Lawton, is not a party to this proceeding, there can be no valid adjudication upon her rights and the decree appealed from should be reversed.

It appears probable that the purpose of the complainant in bringing this suit was to obtain as between himself and said minor, who was the sole heir of the complainant's deceased wife, a determination quieting complainant's title to the real estate described in the bill. The parties in the Superior Court have apparently proceeded upon the assumption that the rights of the ward could be brought before the court, and passed upon, in this proceeding wherein the guardian is the sole respondent.

Both in law and in equity, in the absence of statute to the contrary, if recovery or relief is sought against an infant the proceeding must be brought against such infant and not against his guardian. *Arnold* v. *Angell*, 1 R. I. 289; *Willard* v. *Fairbanks*, 8 R. I. 1; *Allen* v. *Hoppin*, 9 R. I. 258. In this cause the respondent John P. Fox is described as "guardian of the person and estate of Louise Frances Lawton a minor under the age of twenty-one years". In *Municipal Court* v. *Le Valley*, 25 R I. 236, the court was considering the effect of a judgment obtained in a suit against a guardian

upon the debt of his ward. In that case the defendant, Le Valley, was described as "guardian of the estate of Grace I. Plummer". The court said: "The plaintiff has seen fit to sue and become the judgment creditor of Henry E. Le Valley, guardian of Grace I. Plummer. The effect is the same as if it had sued Henry E. Le Valley without describing him as guardian of the estate of Grace I. Plummer—the judgment binds him personally and the description has no legal effect; it may be disregarded as surplusage."

In this suit the complainant can properly obtain only the relief to which he shows himself entitled against the respondent John P. Fox. If he desires an adjudication between himself and said minor, he should seek it in a suit against her in which a guardian *ad litem* shall be appointed by the court for the protection of the interests of the minor. The court in making such appointment should consider whether in the circumstances of this case the interests of the minor would be better protected by the appointment of her general guardian or of some other person.

The decree appealed from is reversed. The cause is remanded to the Superior Court for further proceedings.

*Daniel A. Colton,* for complainant.

*McGovern & Slattery, Fred B. Perkins,* for respondent.

