EMMA LAUTE, PLAINTIFF, v. GRACE THURBER GEAR-
HART, GUARDIAN OF DAVID McKIBBIN, 3D, DE-
FENDANT.

MARY A. WHITE, PLAINTIFF, v. GRACE THURBER GEAR-
HART, GUARDIAN OF DAVID McKIBBIN, 3D, DE-
FENDANT.

Decided February 27, 1933.

Before HENRY H. ELDREDGE, Circuit Court Judge.

For the plaintiffs, *Samuel T. French.*

For the defendant, *Robert Bright, Allen S. Morgan* and
*S. Rusling Leap.*

ELDREDGE, C. C. J.   The questions involved in the above
entitled cases are identical and will be disposed of together.

On the 29th day of August, 1930, both of the above named
plaintiffs were injured on the beach at Wildwood Gables, New
Jersey, in a collision between an airplane alleged to have been
operated by David McKibbin, 3d, a minor, and an automobile.

Suits were begun and summons issued November 14th,
1930, and as above indicated, the suits were brought against
"Grace Thurber Gearhart, guardian of David McKibbin, 3d."

This court is called upon to answer two questions, first:
"Are the actions properly brought?" and second, "if not, may
the pleadings now be amended so as to make the ward the
defendant in the suit instead of the guardian, even though
the statute of limitations has expired?"

The first question we think must be answered in the negative. The Practice act of 1903, page 539, paragraph 18, provides: "If an infant is entitled to an action or if an action is brought against him, his guardian, duly appointed or especially admitted for that purpose, shall be permitted to prosecute or defend, but in no case shall the action be stayed until the infant arrives at full age." It is to be noted that this statute does not make any provision for the bringing of a suit by the guardian in his own name, nor is any provision made whereby the guardian may be sued. The statute provides that suits shall be brought by and against the infant in his own name and he then is authorized to prosecute or defend by his guardian appointed for that purpose.

Two New Jersey decisions sustain the logic of this interpretation of the statute. In the case of *Steelman* v. *Cox,* 3 *N. J. L.* 644, an action was brought by Cox against Steelman, a minor. The minor's father appeared for him as his guardian and after trial judgment was rendered against the father as guardian of the infant. On appeal, it was held that the judgment was erroneous, that the infant was party to the suit and judgment could not be rendered against his guardian. The case of *Combs* v. *Janvier,* 31 *Id.* 240, is also enlightening. In that case suit was brought against the guardian of a common drunkard to recover on a promissory note made by the drunkard. After the appointment of the guardian, certain moneys and choses in action had come into his hands in his representative capacity, and suit was brought against him to recover on the note made by the drunkard. It was held that a judgment against the guardian would not lie, but that the suit must be against the drunkard himself. The court in this case states that the status of a lunatic is well defined; that lunatics can sue and be sued, and the suits must be prosecuted and defended in their own names. By analogy, it concludes that the same reasoning should apply to the drunkard. So by the same analogy the reasoning applies with equal force to the instant case.

In at least two other jurisdictions it has been held that one cannot be sued in his capacity as guardian so as to make

the estate of his ward liable to be taken on execution, although an action may be maintained against the ward and the ward may defend by his guardian. See *Raymond* v. *Sawyer*, 37 *Me.* 406; *Robinson* v. *Hersey*, 60 *Id.* 225, and *Lawton* v. *Fox*, 47 *R. I.* 359; 133 *Atl. Rep.* 348.

Both from analogy, then, and direct authority we conclude that the suits in question were improperly brought.

In discussing the second question before the court, it must be borne in mind that not only was the infant not sued, but neither was service ever made upon him. No personal service was ever made upon the guardian, but service in both suits was acknowldged for her in the following language: "True and legal service of the within summons and complaint is hereby acknowledged on behalf of Grace Thurber Gearhart, guardian of David McKibbin, 3d, defendant. Robert Bright, attorney." This acknowledgment could in nowise be considered as service upon the infant, for in the first place an infant must be personally served like an adult, and that service should be made in the presence of some competent person. *In re Martin*, 86 *N. J. Eq.* 265; 98 *Atl. Rep.* 510. In the second place, an attorney has no authority to acknowledge service for an infant defendant. *Lang* v. *Beloff*, 54 *N. J. Eq.* 298; 31 *Atl. Rep.* 604.

The court then must consider the question of amendment in the light of the following facts, namely, first, that no suit was ever begun against the infant; second, that the infant was never served and hence not now before the court; and third, that the statute of limitations has run.

Counsel has furnished the court with a long line of authorities dealing with the question of amendments. They supply ample justification for finding that our courts have gone to great length in permitting amendments, even after the statute of limitations has run, and were the infant sought to be charged in this suit capable of contracting with the attorneys who acknowledge service of the guardian and represent her, the court might well be inclined to permit the amendment sought. The amendment might be permitted even though the answer sets up the following defense: "This defendant is

general guardian of David McKibbin, 3d, a minor, and is not responsible for the torts of her ward," which defense was notice that the guardian disclaimed any responsibility for the tort of her ward. The court would be influenced by the fact that there was considerable of correspondence and negotiations between counsel and no question was ever raised relative to the nature of the pleadings until S. Rusling Leap, Esquire, was called into the case, at which time the statute had already run.

None of these negotiations, however, could bind the infant. If it be true, and it is, that an infant cannot employ an attorney (*Lang* v. *Beloff, supra*), then it follows of course that anything which may have been done by the attorney purporting to represent the minor would not be binding upon him. We think then that the doctrine of estoppel urged by counsel for the plaintiffs cannot avail.

An examination of the cases cited discloses no case exactly in point. Perhaps the nearest case in New Jersey is *Wilson* v. *Dairymen's, &c., Inc.,* 105 *N. J. L.* 188; 143 *Atl. Rep.* 454. In that suit, which was originally brought by the general administratrix, the court permitted an amendment allowing the same plaintiff to continue as administratrix *ad prosequendum,* even though the statute of limitations had expired prior to the time the amendment was allowed.

In *Girardi* v. *Laquin Lumber Co.,* 232 *Pa.* 1, suit was brought against the defendant as a corporation, and after the statute of limitations had run, it was sought to name as the defendant a partnership composed of six persons trading as the Laquin Lumber Company. This amendment was refused, and in disposing of the matter the court said: "If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused."

It seems to the court that a close analogy with the present suit is found in a line of cases against the railroads while they were under the control of the director general of railroads during the war period. In these cases where the railroad was sued when the director general should have been

the defendant, an amendment was invariably refused after the statute had run. The case of *Herbert* v. *Payne*, 291 *Fed. Rep.* 555, is such an authority. In that case suit was brought against the Atchison, Topeka and Santa Fe Railroad Company after it had been taken by the government. There was an amendment sought substituting the director general of railroads as a defendant after the statute of limitations had run. In disposing of the matter the court said: "We are confronted at the outset with a situation where a suit is brought against the railway company when it should have been against another defendant who represented the United States, the real party in interest. There was in effect no cause of action against the railway company. The same was against the director general. When the director general, under the permission of the court, was substituted as the sole defendant in place of the railway company, the case was then as to him a new case. The injury for which damage was claimed was the same, but the party responsible for the alleged wrong was a different party from the one originally selected by the plaintiff in error as the one against whom his claim should be prosecuted. It must be true that when a party is first brought into a case and given apportunity to make defense, the case is commenced then as to him, and if he is the only defendant, it is the commencement of a new case."

From a full consideration of the above authorities, we are led to the conclusion that the infant, David McKibbin, 3d, not having been sued or served with process, he cannot after the expiration of the statute of limitations, by amendment, be made a party to a suit instituted against his guardian.