RALPH C. STOCKMAN BY GUARDIAN
*vs.*
CITY OF SOUTH PORTLAND

Cumberland.   Opinion, April 1, 1952.

*Thompson, Murrell & Rich,* for plaintiff.

*George W. Weeks,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On exceptions. This is an action on the case to recover for taxes claimed to have been illegally assessed and collected. The action was referred under rule of court with right of exceptions as to matters of law reserved by both parties. The action was to recover taxes assessed upon the plaintiff's real estate for the years 1946, 1947, 1948 and 1949 which had been paid by his guardian. It was claimed by the plaintiff that the property on which these taxes were assessed was exempt from taxation under the provisions of R. S., Chap. 81, Sec. 6, Par. X, and especially that portion of the paragraph which exempts from taxation,

> "the estates, to the value of $3,500 of all male or female veterans who have served in the armed forces of the United States during any federally recognized war period and who were honorably discharged, who shall have reached the age of 62 years, or are receiving a pension or compensation from the United States Veterans' Administration for total disability, * * * * * provided, however, that no exemption shall be allowed hereunder in favor of any person who is not a legal resident of this state;"

The referee found in favor of the plaintiff in the sum of $383.30, being the amount of the taxes assessed and inter-

est. The report of the referee having been offered for acceptance, the defendant filed written objections thereto. The objections, eight in number, were overruled and the report accepted. The case is now before us upon defendant's exceptions to the action of the justice of the Superior Court in overruling the objections to, and accepting the referee's report.

The 4th written objection to the referee's report is as follows:

> "There is no sufficient evidence in the record to prove that an exemption from taxation of the real estate of Plaintiff's ward was warranted in that there is no evidence that the Plaintiff's ward was a legal resident of the State of Maine in the years 1946-1947-1948-1949."

The transcript of evidence, which is made a part of the bill of exceptions, contains no evidence of and is entirely silent as to the residence of the plaintiff.

Unless the plaintiff was entitled to the exemption claimed by him, he cannot recover. It is a well settled principle of law that whoever claims the right to an abatement or exemption from taxation has the burden of proving that he is entitled thereto. As said in *Judson Freight Forwarding Co.* v. *Commonwealth of Massachusetts*, 242 Mass. 47, 136 N. E. 375, 27 A. L. R. 1131 at 1137:

> "The burden of proof is upon the petitioner to make out its right as matter of law to abatement of the tax. *No intendment as to evidence can be made in its favor beyond what is shown in the record.*" (Emphasis ours.)

As said in *Barnes* v. *Jones,* 139 Miss. 675, 103 So. 773, 43 A. L. R. 673, 678:

> "An exemption from taxation will never be presumed, and the burden is on the claimant to establish clearly his right to an exemption. In the case

of Morris Ice Co. v. Adams, 75 Miss. 410, 22 So. 944, the court said that 'the rule is universal that he who claims exemption must show, affirmatively, an exemption expressly declared and that the claimant is clearly embraced within the terms of the exemption.' "

This same principle is declared in 20 Am. Jur. 148, Sec. 142, where it is stated:

"The burden rests upon the party who, as the basis of his claim or defense, asserts that he is within an exception or exemption in a contractual stipulation or a statute to prove all the facts necessary to bring himself within such exception or exemption."

The footnote to this section is replete with citations in which this doctrine has been declared by the courts in cases relating to taxation. See also Jones on Evidence, Vol. 1, Sec. 180, Page 328, Note 12; 61 C. J. 411-412, Secs. 429-430 and cases cited.

In this case the burden was upon the plaintiff to prove that he was entitled to the exemption claimed. Unless he was a legal resident of the State of Maine when the several taxes were assessed he was not entitled to the exemption. The burden was upon him to prove that he was a legal resident of the State of Maine at the date as of which each of the taxes in question were assessed. There was no evidence of his residence. He therefore failed to maintain the burden of proof which was upon him to show that he was entitled to the exemption. This defect in proof was sufficiently and specifically challenged by the defendant's 4th objection. This objection to the acceptance of the referee's report should have been sustained. To overrule it constituted legal error. We must sustain the exceptions on this ground.

The effect of sustaining the exceptions to the acceptance of a referee's report because of the erroneous overruling of the defendant's objection thereto is to vacate the ac-

ceptance of the report. However, as we said in *Courtenay* v. *Gagne et al.*, 141 Me. 302, 305:

> "The authority of this Court only goes to remanding the case to the Superior Court, where, in the discretion of the presiding Justice, the reference may be striken off and the case heard by a jury, or there might be a recommittal to the same referees, or with the consent of the parties, a reference to new referees. *Chaput* v. *Lussier*, 131 Me., 145, 159 A., 851."

Although the erroneous action by the justice below in overruling the 4th objection necessitates vacating the acceptance of the referee's report, the exceptions so far as they are based upon the overruling of the other objections are also before this court for decision. As the questions involved therein may again arise, and because a settlement of them now may possibly obviate further litigation, we will proceed to consider the same.

Objection No. 1, that there is no evidence that an assessment of the taxes in question was inadvertent was properly overruled. *If the property was exempt* it is immaterial to the determination of the issues in this case whether the assessment of the taxes thereon was intentional or through inadvertence.

Objection No. 2, that there is no evidence in the record to support the finding of the referee that the assessment of the taxes in question was illegal, should have been sustained. The word illegal as here used means unauthorized by law. If the property was exempt, its assessment was unauthorized by law. We sustain the exception to the overruling of this objection upon the ground that there was no evidence in the record that the plaintiff was a legal resident of the State of Maine, and therefore, no evidence that the property was exempt from taxation. By sustaining the exception on this ground we do not even intimate that the

record contained sufficient evidence of the other facts necessary to the plaintiff's right to the exemption which he claims.

Objections No. 3 and No. 7 being in effect upon the same grounds will be considered together. They are as follows:

> "3. The evidence shows conclusively that the real estate of the Plaintiff's ward was assessed by the Assessors for the years 1946-1947-1948-1949 and that the tax so assessed was voluntarily paid.
> 7. The finding is against the law and the evidence in that the law is that a taxpayer who voluntarily pays real estate taxes duly assessed cannot recover said taxes from the city."

To sustain these exceptions the defendant relies upon the law as stated in *Smith* v. *Readfield,* 27 Me. 145, which was an action brought against a town to recover taxes paid. In that case the court said:

> "When money claimed as rightfully due is paid voluntarily, and with a full knowledge of the facts, it cannot be recovered back, if the party, to whom it has been paid, may conscientiously retain it."

It is claimed by the defendant that the plaintiff's guardian, with full knowledge that the plaintiff's property was exempt from taxation, and after having been informed thereof, and that it would be exempted by the assessors, voluntarily and without protest paid the taxes assessed for the years 1946, 1947, 1948 and 1949. Even if the evidence conclusively shows these facts to be true, such payment by the guardian does not constitute a defense to this action. Although the taxpayer brings this action by his guardian, it is the taxpayer, *the ward,* who is the plaintiff, *not the guardian.* The guardian is not a party to the suit. As said by us in *Raymond* v. *Sawyer,* 37 Me. 406: "In the prosecution and defence of suits, the guardian who appears for his ward, does not become a party to the proceedings;". To the same effect, see *Sanford* v. *Phillips,* 68 Me. 431.

Even if the guardian has paid the several taxes with full knowledge on his part that the plaintiff's property on which they were assessed was exempt from taxation, such action on his part cannot prejudice the rights of his ward. As said in 39 C. J. S. 174, Sec. 99, Par. a:

"A guardian by his conduct, default, or silence cannot bar the ward of his rights; a ward is not estopped to assert any rights to property by reason of any negligence on the part of his guardian."

As said in 25 Am. Jur. 66, Sec. 101:

"It is the prevailing view that a guardian may not waive legal rights in behalf of his ward, or surrender or impair rights vested in the ward, or impose any legal burden thereon. Nor, according to the generally accepted view, can the ward or his estate be estopped, or held to have ratified an illegal transaction, by reason of the guardian's act."

While it is the duty of the guardian to pay taxes legally assessed upon his ward's property to save it from forfeiture, it is likewise his duty to resist, in behalf of his ward, the collection of taxes which are not legally assessed. If he has knowledge that property of his ward is exempt from taxation, it is his duty to assert and claim the exemption. If the tax be assessed upon the exempt property it is his duty to take the proper steps to resist the payment thereof. However, the voluntary payment by a guardian of a tax upon the exempt property of his ward is not a voluntary payment thereof by the ward. It does not have the same effect as does a voluntary payment by a taxpayer who is *sui juris*. It cannot prejudice the right of the ward to recover from the city the amount so paid to it by his guardian.

If the City of South Portland has received payment of taxes assessed upon the exempt property of the plaintiff, it has not only received, but until it repays the same, retains money to which it is not entitled. On the record now before

us, the plaintiff, an insane ward under disability, has been guilty of no conduct which should deprive him of the right to recover from the city the money illegally exacted from him by the city and which was improvidently and illegally paid to it by his guardian. The defendant's 3rd and 7th objections were properly overruled, and the exceptions so far as they relate thereto are without merit.

The 5th and 6th objections are based upon the admission of two exhibits numbered 9 and 19. Exhibit No. 9 is a letter from the assessors of the defendant city to the plaintiff's guardian dated October 30, 1945 in which they recognize the fact that the plaintiff is entitled to the statutory exemption. Exhibit No. 19 is an office copy of another letter written by the Assessors to the plaintiff's guardian dated November 2, 1945 in which they state that they

> "wish to advise that Mr. Stockman's property, assessed at a value of $1655. with current taxes of $83.41 is exempt from taxation as of 1946.
> This decision will stand as long as the property remains in the ownership of Ralph C. Stockman, as long as this property does not exceed the assessed valuation of $3500. and as long as this property remains his sole holdings."

Notwithstanding these letters, the assessors of the defendant city assessed this property for taxes in the years 1946, 1947, 1948 and 1949. This is an action to recover from the city the amount which the plaintiff's guardian improvidently paid in discharge of those taxes.

These letters are immaterial to the issues involved in this case. The first issue to be determined is whether or not the property upon which the several taxes paid by the plaintiff were assessed was exempt from taxation. Whether this property was exempt depended upon the existence of each and every one of the necessary facts set forth in the statute granting the exemption. If they did exist the property was

exempt from taxation, and this irrespective of whether or not the assessors recognized the exemption or assessed taxes. thereon. The statute did not require the owner to assert his exemption to make the property nontaxable. On the contrary, if the property was exempt, the statute required a specific request therefor to make the property subject to taxation. R. S., Chap. 81, Sec. 6, Par. X. As before stated, the burden is on the plaintiff who asserts an exemption from taxation to establish every fact necessary to its existence.

In an action against a municipality to recover the amount paid to discharge a tax which was assessed on exempt property, the plaintiff cannot prove the existence of all or any one of such facts by admissions made by the assessors. Nor can he do so by showing that the assessors either recognized his right to the exemption claimed or by showing that they agreed to grant the exemption. Assessors are public officers, not agents of the city. It is their duty to assess taxes. They cannot by their admissions of the existence of facts which negative the authority of the city to assess a tax upon persons or property, prejudice the right of the city to collect a tax assessed, or to retain the proceeds of one assessed and collected. Their admissions are not admissible in evidence for such purpose. *Rockland* v. *Farnsworth*, 93 Me. 178.

Exhibits 9 and 19 were not admissible as admissions binding upon the city tending to establish the plaintiff's right to the exemption he now claims or to establish the existence of any of the separate facts which were necessary to entitle him thereto.

Nor were these exhibits admissible to show that the assessors in the fall of 1945 recognized that the plaintiff was then entitled to an exemption, or that they then granted him a contingent continuing exemption for the future. Neither of these facts were in issue. Whatever the action of the

assessors in the fall of 1945, taxes were assessed for the years 1946 to 1949, inclusive. The issue in this case is, was the property upon which these taxes were assessed exempt from taxation at the time the several taxes were assessed. The existence of an exemption, such as is here claimed, depends upon the existence of the facts entitling the property owner thereto. If those facts exist the right to the exemption is absolute. The exemption is granted by the statute, not by act of the assessors. Neither the admissions nor the acts of the assessors in office in 1945 are competent evidence of the existence of the exemption or any of the facts upon which its existence depends. Exhibits 9 and 19 were immaterial to the issues in the case and the 5th and 6th objections to the acceptance of the referee's report based upon their admission should have been sustained.

The 8th objection that the finding of the referee is against the law and the evidence is not sufficiently specific under Rule 21 and was properly overruled.

As this case may be tried again it might be well to note in passing that in an action against a city or town to recover a tax paid upon exempt property, the plaintiff must show that the money paid has been *received by the city*. Proof of payment to the tax collector is not sufficient. We said in *Smith* v. *Readfield,* 27 Me. 145, 148:

> "There is no proof, that any part of the money paid by the plaintiff to the collectors has ever been paid by them to the treasurer of the town. Without proof of payment to him, or to some other legal officer, or agent of the town, authorized to receive it, the plaintiff must fail for want of proof, that the town has received the money."

In this case it may well be, as we more than half suspect, that a new trial is necessitated because of the inadvertent failure on the part of the plaintiff to introduce available evidence essential to the maintenance of his cause of action.

If so the fault is that of the plaintiff, not of the defendant nor of the court.

*Even in reference cases* the defendant has the right to require the plaintiff to prove every fact essential to the maintenance of his action. If a right to exceptions in matters of law be reserved, by appropriate objections and exceptions, as here, the defendant can take advantage of the plaintiff's failure in this respect. Nor is the defendant required to inform the plaintiff that he is insisting upon this right. The fact that he is insisting on trial, in and of itself is notice to the plaintiff that he must prove every fact essential to his case that has not been admitted by the defendant's pleadings.

If the plaintiff desires to limit the issues or, if not able to limit the issues, to make certain of the extent of proof that will be required of him, he can file a motion in the Superior Court under Rule 9 for specifications of defense. This course was not followed in this case. The case went to trial on the general issue. Every fact essential to the maintenance of the cause of action was in issue. On the record of this case, as it was tried, there is not the slightest indication that counsel for the defendant city led counsel for the plaintiff to believe that proof of any fact essential to the maintenance of his client's cause of action, and which he neglected to prove, was or would be dispensed with. Even when the defendant by seasonable and specific written objections to the acceptance of the referee's report called attention to the lack of proof of plaintiff's legal residence in the State of Maine, plaintiff then failed to seek to have an opportunity to correct the inadvertent omission, if such it was, by making a motion to have the report recommitted by the court to the referee.

Because of the erroneous overruling of the 2nd, 4th, 5th and 6th objections to the referee's report, the exceptions must be sustained and the case remanded to the Superior

Court. That court may, in its discretion, in accord with the rule laid down in *Chaput* v. *Lussier,* 131 Me. 145, 148, re-affirmed in *Courtenay* v. *Gagne et al.,* 141 Me. 302, 305, and *Moores* v. *Inhabitants of Springfield,* 144 Me. 54, 73, strike off the reference, recommit it to the referee who heard it before, or, with the consent of the parties, it may, after this reference is stricken off, refer it anew to another or other referees.

*Exceptions sustained.*

*Case remanded to Superior Court.*