STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        Docket No. CV-2021-424

DAVID N. YORK,                      )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )        **ORDER ON PLAINTIFF'S MOTION**
SUSAN JANSON, NRT NEW               )        **TO DISMISS DEFENDANT T&B**
ENGLAND LLC, CURTIS                 )        **CORPORATION OF BANGOR,**
JOHNSON, and T&B                    )        **P.A.'S THIRD-PARTY COMPLAINT**
CORPORATION OF BANGOR, P.A.,        )
                                    )
        Defendants,                 )
    v.                              )
                                    )
JEFFREY CHRISTY and APRIL           )
ANDERSON,                           )
                                    )
        Third-Party Defendants.     )
                                    )

Before the Court is Plaintiff David N. York's Motion to Dismiss Defendant T&B

Corporation of Bangor, P.A.'s ("T&B") Third-Party Complaint against April Anderson.

## I.    Facts

The following facts are drawn from T&B's Third-Party Complaint except where

otherwise noted.

Mr. York's First Amended Complaint contains sixteen counts, including counts

against T&B for improvident transfer of title, negligence, respondeat superior, vicarious

liability, and negligent supervision. In essence, the First Amended Complaint alleges that

Defendant Susan Janson misappropriated $107,919.16 of funds owed to Mr. York from

the 2021 sale of property located at 26 Myrtle Lane, South Portland, Maine (the

"Property"). (T&B Third-Party Compl. ¶ 2.) T&B conducted the closing for the sale of the

Property. (Pl.'s Am. Compl. ¶ 25.)

REC'D CUMB CLERKS OFC
FEB 7 '23 PM3:10

At the time of the sale, Ms. Anderson was Mr. York's guardian. (T&B Third-Party Compl. ¶¶ 3, 11.) Ms. Anderson represented to Defendant Curtis Johnson that she retained an attorney, who suggested filing for a full conservator for Mr. York. (T&B Third-Party Compl. ¶ 6.) However, Ms. Anderson and her attorney failed to file a legal proceeding to have a conservator appointed for the sale of the Property. (T&B Third-Party Compl. ¶ 6.)

Prior to the closing, Ms. Anderson executed an addendum to the purchase and sale agreement for the Property stating that she would no longer be acting as Mr. York's guardian with respect to the sale of the Property and that Mr. York would be signing on his own behalf. (T&B Third-Party Compl. ¶ 5.) Ms. Anderson had previously indicated to Mr. Johnson that she approved the proposed allocation of proceeds from the sale of the Property. (T&B Third-Party Compl. ¶ 9.) Ms. Anderson did not attend the closing of the sale of the Property on October 5, 2021. (T&B Third-Party Compl. ¶ 8.) Ms. Anderson did not retain an independent attorney or representative to advise Mr. York with respect to the sale of the Property. (T&B Third-Party Compl. ¶ 7.)

T&B's Third-Party Complaint asserts that Ms. Anderson breached a fiduciary duty to Mr. York, which proximately caused or contributed to Mr. York's alleged damages, and that T&B is entitled to contribution and/or indemnification from Ms. Anderson. Mr. York moves to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(6).

## II.     Motion to Dismiss Standard

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in a complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993) (citation omitted). Accordingly, the court must "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem'l Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The court may also consider "official

public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43.

The court views the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Bonney*, 2011 ME 46, ¶ 16, 17 A.3d 123 (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* (quoting *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830).

## III. Discussion

Mr. York asserts several grounds for dismissal of T&B's Third-Party Complaint.[1] The first three of Mr. York's arguments merit little discussion. Mr. York argues that the claim against Ms. Anderson can be raised only as an affirmative defense of setoff instead of through a third-party complaint. This is incorrect. There is an enforceable right of contribution in Maine "amongst negligent participating or joint tortfeasors." *Bedell v. Reagan*, 192 A.2d 24, 26 (Me. 1963). A third party against whom a defendant has a contribution claim can be impleaded. *See* M.R. Civ. P. 14; *Bedard v. Greene*, 409 A.2d 676, 677 (Me. 1979); *Bedell*, 192 A.2d at 26.

Next, Mr. York argues that the Third-Party Complaint was improperly filed against Ms. Anderson, individually, rather than in her capacity as Mr. York's guardian.

---

[1] T&B raises as an issue whether Mr. York may properly move to dismiss the Third-Party Complaint. Regardless, however, the Court has discretion to dismiss a third-party complaint pursuant to M.R. Civ. P. 14(c). *See* M.R. Civ. P. 14 reporter's notes.

The Third-Party Complaint alleges that Ms. Anderson breached a fiduciary duty owed to Mr. York, which may trigger personal liability. *See Stockman v. South Portland*, 87 A.2d 679, 683 (Me. 1952) ("Although the taxpayer brings this action by his guardian, it is the taxpayer, *the ward*, who is the plaintiff, *not the guardian*. The guardian is not a party to the suit."); *cf. Est. of Sweetland*, 2001 ME 21, ¶ 11, 770 A.2d 1017 ("[A] personal representative is liable to the beneficiaries of an estate for damage or loss to the estate resulting from a breach of their fiduciary duty."). The contribution claim may, therefore, be brought against Ms. Anderson individually.

Third, Mr. York argues that T&B lacks standing to bring a claim arising from Ms. Anderson's alleged breach of duty to Mr. York. This argument overlooks the nature of a claim for contribution. A right to contribution may arise from a third-party defendant's breach of a duty owed to the plaintiff, but the third-party plaintiff need not have standing to bring the underlying claim. *See Bedard*, 409 A.2d at 677.

Mr. York's final argument is that the Third-Party Complaint fails to state a claim for breach of a fiduciary duty that could give rise to a claim for contribution.[2] The elements of a breach of fiduciary duty claim are: "(1) a fiduciary relationship between the plaintiff and another person, (2) a breach of the other person's fiduciary duty toward the plaintiff, and (3) damages incurred by the plaintiff proximately caused by the breach." *Meridian Med. Sys., LLC v. Epix Therapeutics, Inc.*, 2021 ME 24, ¶ 12, 250 A.3d 122.

18-C M.R.S. § 5-313(1) (2021) provides that "[a] guardian for an adult is a fiduciary." 18-C M.R.S. § 5-313(3) provides, in pertinent part:

> A guardian for an adult at all times shall exercise reasonable care, diligence and prudence when acting on behalf of or making decisions for the adult subject to guardianship. In furtherance of this duty, the guardian shall:

---

[2] Although contribution is unavailable when a defendant is liable for his or her intentional conduct, not all the claims asserted against T&B necessarily involve intentional wrongdoing. *See Bedard*, 409 A.2d at 678-79.

A. Take reasonable care of the personal effects, pets and service of support animals of the adult subject to guardianship and bring a proceeding for a conservatorship or protective arrangement instead of conservatorship if necessary to protect the adult's property; . . ."

The Third-Party Complaint and Plaintiff's First Amended Complaint allege the existence of a fiduciary relationship, between Ms. Anderson and Mr. York; namely, a guardianship. The Third-Party Complaint alleges that Ms. Anderson failed to bring a proceeding for a conservatorship to protect Mr. York's interest in the Property during the sale. Finally, the Third-Party Complaint alleges that Mr. York was damaged in the amount of $107,919.16, when he signed the Purchase and Sale Agreement on his own behalf. Thus, the Third-Party Complaint pleads facts that, if true, would establish the elements of a breach of fiduciary duty claim, which could give rise to a claim for contribution.

## IV.    Conclusion

For the foregoing reasons, the Court denies Mr. York's Motion to Dismiss.

The entry is:

Plaintiff David N. York's Motion to Dismiss Third-Party Plaintiff T&B Corporation of Bangor, P.A.'s Third-Party Complaint is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____2/7/23_____

_____
MaryGay Kennedy, Justice
Maine Superior Court

DAVID N. YORK, )
)
Plaintiff, )
)
v. )
)
SUSAN JANSON, NRT NEW )
ENGLAND LLC, CURTIS )
JOHNSON, and T&B )
CORPORATION OF BANGOR, P.A., )
)
Defendants, )
v. )
)
JEFFREY CHRISTY and APRIL )
ANDERSON, )
)
Third-Party Defendants. )
)

**ORDER ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT NRT NEW ENGLAND LLC AND CURTIS JOHNSON'S THIRD-PARTY COMPLAINT**

Before the Court is Plaintiff David N. York's Motion to Dismiss Defendants/Third-Party Plaintiffs NRT New England LLC d/b/a/ Coldwell Banker Realty ("Coldwell Banker") and Curtis Johnson's (collectively, "the Coldwell Banker Defendants") Third-Party Complaint against April Anderson.

I.     **Facts**

The following facts are drawn from the Coldwell Banker Defendants' Third-Party Complaint except where otherwise noted.[1]

Mr. York's First Amended Complaint contains sixteen counts, including counts asserted against one or both of the Coldwell Banker Defendants for improvident transfer of title, fraud, constructive fraud, abuse of confidential relationship, breach of fiduciary

---

[1] The Coldwell Banker Defendants' Third-Party Complaint will be cited as follows: (CB Defs.' Compl. ¶ 1.).

REC'D CUMB CLERKS OFC
FEB 7 '23 PM3:10

duty, negligence, respondeat superior, and negligent supervision. In essence, the First Amended Complaint alleges that Defendant Susan Janson misappropriated $107,919.16 of funds owed to Mr. York from the 2021 sale of the property located at 26 Myrtle Lane, South Portland, Maine (the "Property"). (CB Defs.' Compl. ¶ 2.)

At the time of the sale of the Property, Ms. Anderson was Mr. York's guardian. (CB Defs.' Compl. ¶¶ 3, 11.) On or about June 7, 2021, the Coldwell Banker Defendants entered into an Exclusive Listing Agreement with Ms. Janson and Mr. York, through his guardian Ms. Anderson, for the sale of the Property. (CB Defs.' Compl. ¶ 5.) The Exclusive Listing Agreement states:

> You acknowledge that Coldwell Banker is being retained solely as a real estate broker and not as an attorney, tax advisor, lender, appraiser, surveyor, structural engineer, home inspector, property manager and/or other professional service provider.... *You are advised to seek independent professional advice and counsel concerning the condition of the Property, legal and tax matters,* as well as other issues beyond the scope of real estate brokerage services offered by Coldwell Banker.

(CB Defs.' Compl. ¶ 6.)

Ms. Anderson represented to Mr. Johnson that she retained an attorney to represent her with respect to the sale of the Property. (CB Defs.' Compl. ¶ 7.) Ms. Anderson further represented that her attorney was seeking a court order authorizing Ms. Anderson to convey the Property on Mr. York's behalf. (CB Defs.' Compl. ¶ 8.) Ms. Anderson and her attorney, however, did not file any legal proceeding to have a conservator appointed for Mr. York or otherwise obtain legal authority to convey the Property on Mr. York's behalf. (CB Defs.' Compl. ¶ 9.)

Ms. Janson and Ms. Anderson instructed Mr. Johnson that the allocation of the proceeds from the sale of the Property would be determined by and among Ms. Janson, Mr. York, Ms. Anderson, and Ms. Janson's son, Third-Party Defendant Jeffrey Christy. (CB Defs.' Compl. ¶ 12.) At no time did Coldwell Banker or Mr. Johnson offer an opinion

as to the allocation of sale proceeds or attempt to influence the allocation. (CB Defs.' Compl. ¶ 13.) Ms. Anderson expressed to Mr. Johnson her agreement to Mr. York's receipt of $200,000 of the sale proceeds and Ms. Janson's receipt of the balance. (CB Defs.' Compl. ¶ 14.)

Prior to the closing, Ms. Anderson executed an Addendum to the Purchase and Sale Agreement for the Property, stating that she would no longer be acting as Mr. York's guardian for the sale, and that Mr. York would sign on his own behalf. (CB Defs.' Compl. ¶ 10.) Ms. Anderson told Mr. Johnson that she would not attend the closing because Ms. Janson would be attending, and Mr. York was authorized to sign on his own behalf. (CB Defs.' Compl. ¶ 15.) Ms. Anderson did not retain an independent attorney or representative to advise Mr. York with respect to the sale of the Property. (CB Defs.' Compl. ¶ 11.) At the closing on October 5, 2021, Mr. York and Ms. Janson signed a "Statement of Allocation," which set forth the allocation of sale proceeds. (CB Defs.' Compl. ¶ 16.)

The Coldwell Banker Defendants' Third-Party Complaint consists of one count for contribution. They assert that Ms. Anderson had a fiduciary duty to Mr. York and breached that duty, which proximately caused or contributed to Mr. York's alleged damages. Mr. York moves to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(6).

## II. Motion to Dismiss Standard

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in a complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993) (citation omitted). Accordingly, the court must "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem'l Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The court may also consider "official public documents, documents that are central to the plaintiff's claim, and documents

referred to in the complaint, without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43.

The court views the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Bonney*, 2011 ME 46, ¶ 16, 17 A.3d 123 (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* (quoting *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830).

## III. Discussion

Mr. York asserts several grounds for dismissal of the Coldwell Banker Defendants' Third-Party Complaint.[2] The first three of Mr. York's arguments merit little discussion. Mr. York argues that the claim against Ms. Anderson can be raised only as an affirmative defense of setoff instead of through a third-party complaint. This is incorrect. There is an enforceable right of contribution in Maine "amongst negligent participating or joint tortfeasors." *Bedell v. Reagan*, 192 A.2d 24, 26 (Me. 1963). A third party against whom a defendant has a contribution claim can be impleaded. *See* M.R. Civ. P. 14; *Bedard v. Greene*, 409 A.2d 676, 677 (Me. 1979); *Bedell*, 192 A.2d at 26.

Next, Mr. York argues that the Third-Party Complaint was improperly filed against Ms. Anderson, individually, rather than in her capacity as Mr. York's guardian. The Third-Party Complaint alleges that Ms. Anderson breached a fiduciary duty owed to

---

[2] The Coldwell Banker Defendants raise whether Mr. York may properly move to dismiss the Third-Party Complaint. Regardless, however, the Court has discretion to dismiss a third-party complaint pursuant to M.R. Civ. P. 14(c). *See* M.R. Civ. P. 14 reporter's notes.

Mr. York, which may trigger personal liability. *See Stockman v. South Portland*, 87 A.2d 679, 683 (Me. 1952) ("Although the taxpayer brings this action by his guardian, it is the taxpayer, *the ward*, who is the plaintiff, *not the guardian*. The guardian is not a party to the suit."); *cf. Est. of Sweetland*, 2001 ME 21, ¶ 11, 770 A.2d 1017 ("[A] personal representative is liable to the beneficiaries of an estate for damage or loss to the estate resulting from a breach of their fiduciary duty."). The contribution claim may, therefore, be brought against Ms. Anderson individually.

Third, Mr. York argues that the Coldwell Banker Defendants lack standing to bring a claim arising from Ms. Anderson's alleged breach of duty to Mr. York. This argument overlooks the nature of a claim for contribution. A right to contribution may arise from a third-party defendant's breach of a duty owed to the plaintiff, but the third-party plaintiff need not have standing to bring the underlying claim. *See Bedard*, 409 A.2d at 677.

Mr. York's final argument is that the Third-Party Complaint fails to state a claim for breach of a fiduciary duty that would give rise to a claim for contribution.[3] The elements of a breach of fiduciary duty claim are: "(1) a fiduciary relationship between the plaintiff and another person, (2) a breach of the other person's fiduciary duty toward the plaintiff, and (3) damages incurred by the plaintiff proximately caused by the breach." *Meridian Med. Sys., LLC v. Epix Therapeutics, Inc.*, 2021 ME 24, ¶ 12, 250 A.3d 122.

18-C M.R.S. § 5-313(1) (2021) provides that "[a] guardian for an adult is a fiduciary." 18-C M.R.S. § 5-313(3) provides, in pertinent part:

> A guardian for an adult at all times shall exercise reasonable care, diligence and prudence when acting on behalf of or making decisions for the adult subject to guardianship. In furtherance of this duty, the guardian shall:

---

[3] Although contribution is unavailable when a defendant is liable for his or her intentional conduct, not all the claims asserted against the Coldwell Banker Defendants necessarily involve intentional wrongdoing.

A. Take reasonable care of the personal effects, pets and service of support animals of the adult subject to guardianship and bring a proceeding for a conservatorship or protective arrangement instead of conservatorship if necessary to protect the adult's property; . . ."

The Third-Party Complaint alleges the existence of a fiduciary relationship, between Ms. Anderson and Mr. York; namely, a guardianship. The Third-Party Complaint alleges that Ms. Anderson failed to bring a proceeding for a conservatorship to protect Mr. York's interest in the Property during the sale. Finally, the Third-Party Complaint alleges that Mr. York was damaged in the amount of $107,919.16, when he signed the Purchase and Sale Agreement on his own behalf. Thus, the Third-Party Complaint pleads facts that, if true, would establish the elements of a breach of fiduciary duty claim, which could give rise to a claim for contribution.

## IV. Conclusion

For the foregoing reasons, the Court denies Mr. York's Motion to Dismiss.

The entry is:

Plaintiff David N. York's Motion to Dismiss Third-Party Plaintiffs NRT New England LLC d/b/a/ Coldwell Banker Realty and Curtis Johnson's Third-Party Complaint against April Anderson is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 2/7/2023

Mary Gay Kennedy, Justice
Maine Superior Court