## FULLER v. AMERICAN TELEPHONE & TELEGRAPH CO.

### No. 6380.

District Court, D. Massachusetts.

Dec. 21, 1937.

742

Leon Aronson, of Boston, Mass., for plaintiff.

James N. Clark, of Powers & Hall, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

■ This is an action at law set out in two counts in the plaintiff's declaration. Under the Conformity Act, 28 U.S.C.A. § 724, this court will follow the practice and mode of pleading of the commonwealth of Massachusetts, and resort will be had to decisions of the Massachusetts courts. See Norfolk & Portsmouth Traction Co. v. Rephan, 4 Cir., 188 F. 276.

■ In count 1 of the plaintiff's declaration, the plaintiff alleges that the plaintiff's husband was injured while in the employ of the defendant, and that in discharge of the duty owed to him the defendant treated the plaintiff's husband for his injuries; that its treatment of the plaintiff's husband was negligent, and that as a result of negligent treatment the plaintiff's husband suffered great injury; that part of his resulting injury was a deteriorated mental condition; that as a result of such a condition the plaintiff has suffered great pain and anguish of mind due to the unusual actions of her husband; that as a result of his mental condition the plaintiff lost the consortion of her husband, and has been forced to live alone as a result of a separation from him; and that she has lost great sums of money thereby. I am of the opinion that this plaintiff cannot maintain an action for loss of consortion occasioned by the negligence alleged. See Feneff v. New York Cent. & H. R. R. Co., 203 Mass. 278, 89 N.E. 436, 24 L.R.A.,N.S., 1024, 133 Am.St.Rep. 291.

■ Although the plaintiff's attorney refers to the second count as a "straight action for deceit drawn in the orthodox fashion," on careful reading it appears to be another count wherein the plaintiff seeks recovery due to the negligence of the defendant. Substantially the count alleges that the plaintiff's husband was injured; that the defendant undertook to care for him; that the defendant knew or should have known "that a continued pressure as mentioned above would lead to a diseased mental condition and a tumorous growth on the brain." There is no outright allegation of knowledge on the part of the defendant. The count goes on to state that the defendant was under a duty to disclose the condition of the plaintiff's husband to the plaintiff. The most that it could have been held to be bound to disclose was its knowledge of the condition. There is no allegation that the defendant with knowledge of the falsity of its statement made a representation to the plaintiff that was relied upon. The entire count seems to be grounded upon the failure of the defendant to ascertain the condition of the plaintiff's husband which at most would be an act of negligence. This brings the second count within the ruling on the first count.

■ Neither count of the declaration stating concisely and with substantial certainty substantive facts necessary to constitute a cause of action, the defendant's demurrer to the plaintiff's declaration is therefore sustained.