ORMAND W. BEDELL AND PATRICIA BEDELL
*vs.*
WILLIAM A. REAGAN III

York.   Opinion, June 21, 1963.

*Harvey & Harvey,*
   *by Joseph E. Harvey,* for Plaintiffs.

*Verrill, Dana, Walker, Philbrick & Whitehouse,*
   *by John A. Mitchell,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

SULLIVAN, J.   The plaintiffs are husband and wife. The husband owned and operated an automobile in which his wife was a passenger.   The automobile collided with

one driven by the defendant. For consequential injuries and losses the plaintiffs instituted this twofold complaint against the defendant who answered upon the merits, denying liability.

Defendant sought recourse to Rule 14 (a), Maine Rules of Civil Procedure, 155 Me. 504, and in the role of a third-party plaintiff filed his complaint against the plaintiff husband who was designated therein as third-party defendant. This sequential complaint ascribed the collision to the negligent conduct of the (plaintiff husband) third-party defendant and charged him with an obligation to contribute to and/or indemnify for damages sustained by the (defendant) third-party plaintiff because of the collision and damages for which the (defendant) third-party plaintiff may be adjudged to be beholden to the plaintiff wife in her action against the (defendant) third-party plaintiff.

The plaintiffs responded to this posterior complaint with a denial of the negligence and liability of the (plaintiff husband) third-party defendant and moved for the dismissal of the subsequent complaint for the assigned reasons that a plaintiff in one and the same action cannot be made a third-party defendant and that, in as much as the plaintiff wife has no right to recovery in tort against her spouse, the husband can have no obligation of contribution or indemnity for damages inflicted upon his wife.

After a hearing the trial justice denied and dismissed the third-party complaint. The (defendant) third-party plaintiff appeals from that ruling.

Rule 14 (a) M. R. C. P., *supra,* reads as follows:

"**When Defendant May Bring in Third Party.** At any time after commencement of the action a defendant as a third-party plaintiff may cause to be served a summons and complaint upon a person not a party to the action who is or may be

liable to such third-party plaintiff for all or part of the plaintiff's claim against him. The person so served, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counter-claims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and his failure to do so shall have the effect of the failure to state a claim in a pleading under Rule 13 (a). The third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counter claims and cross-claims as provided in Rule 13. Any party may move for severance, separate trial, or dismissal of the third-party claim; the court may direct a final judgment upon either the original claim or the third-party claim above in accordance with the provisions of Rule 54 (b). A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant."

Because of legal disability the Bedells as reciprocal spouses may not maintain causes of action, the one against the other, for negligent tort. *Anthony* v. *Anthony,* 135 Me. 54, 55.

The instant case is not a single action but is obviously and in truth two separate causes of action procedurally combined or joined by grace of the commendable provisions

of Rule 20, M. R. C. P., 155 Me. 510. *Chevassus* v. *Harley,* 8 F. R. D. 410, 413.

Ormand W. Bedell is not a party to the action of his wife against the defendant Reagan. Ormand W. Bedell may be liable to Reagan, the third-party plaintiff, in contribution for a part of any recovery by Mrs. Bedell against Reagan as amongst the parties the possibilities are contingent and multiple, e.g., that the plaintiff spouses exercised due care, that one or both of them was or were guilty of contributory negligence, that the defendant was proximately negligent or dutifully careful or that the collision was an unavoidable misadventure. In such a complex conceivably a judgment might be rendered favorable to Mrs. Bedell and adverse to her husband and to Reagan. *Kimball* v. *Bauckman,* 131 Me. 14, 19.

There is an enforceable right of contribution amongst negligent participating or joint tortfeasors :

"- - - - when the parties are not intentional and wilful wrongdoers, but are made wrongdoers by legal inference or intendment, are involuntary and unintentional tort-feasors - - - - It is an equitable right founded on acknowledged principles of natural justice and enforceable in a court of law." *Hobbs* v. *Hurley,* 117 Me. 449, 451.

Maine Civil Practice, Field and McKusick, Rule 14, Reporter's notes, at page 186 observes :

"This rule is similar to Federal Rule 14 - - - When a defendant believes that a third person, not a party to the action, is or may be liable to him for all or part of the plaintiff's claim, he may bring such third person into the case as a party by service upon him of a summons and complaint. Thus the entire controversy can be settled in a single proceeding - - - - - - - Impleader cannot be used by a defendant who contends that it is the third party

instead of the defendant who is liable to the plaintiff."

In its commentary applicable to Rule 14 (a), Maine Rules of Civil Procedure, 155 Me. 504, and to Rule 14 (a) of the Federal Rules of Civil Procedure, Federal Practice and Procedure, Barron and Holtzoff-Wright, contains *inter alia* the following:

" § 421. - - - only a person who is secondarily liable to the original defendant may be brought in.

" § 426. Subdivision (a) of this rule, both as originally drafted and as later amended, permits a defendant to bring into the action a third-party defendant, 'who is or may be liable to him' for all or part of the plaintiff's claim. Thus impleader is authorized to bring in a third party who would necessarily be liable over to the defendant for all or any part of plaintiff's recovery, whether by way of - - - contribution - - - or otherwise.

" - - - - The third-party claim need not be based upon the same theory as the main claim. And impleader is proper even though the third-party's liability is contingent, and cannot be established until the original defendant has been held liable."

The rationale of the disability of reciprocal spouses as litigants against each other is the legal unification of husband and wife and the preservation of domestic peace and felicity. Should, however, a passenger wife injured by the participating or joint negligence of her driver husband and of a third party be permitted to recover the entire amount of her damages from the third party who is denied his equitable right to contribution from her husband solely because of the husband's marital status, then such third party would be unjustly required not only to compensate for his own fault but also to pay the pecuniary equivalent of the husband's wrong. The third party would be penalized because of the marital fact which to him can only constitute

an accidental under such circumstances. The mystical concept of personal, wedded unity and the paternalistic apprehension of domestic discord between the spouses can not be so compelling as to vindicate such an incongruity.

"The legal unity of husband and wife and the preservation of domestic peace and felicity between them are desirable things to maintain where they do not produce injustice to the wife and where they do not inflict injustice upon outsiders and deprive them of their legal rights." *Fisher* v. *Diehl,* 156 Pa. Super. 476, 40 A. (2nd) 912, 917: See, also, *Kiser* v. *Schlosser,* 389 Pa. 131, 132, A. (2nd) 344, 346.

" - - - The rule denying tort liability in actions between parties bearing certain domestic relationship to each other may rest on sound policy. It is difficult to see, however, what connection this policy has with a joinder proceeding and cross-complaint by the singly sued defendant against a third party whose conduct equally contributed to the plaintiff's damage."
Note, 47 Harvard Law Review, 209, 241.

" - - - If the purpose of contribution is to make the wrongdoers share the financial burden of their wrong, then the primary element of contribution should be the participation of the wrongdoers in acts or omissions which are considered tortious and which result in injury to a third person. The fact that one of the tort-feasors has a personal defense if he were to be sued by the injured party would seem to be irrelevant." Harper and James, The Law of Torts, § 10.2, P. 718.

In an annotation at 19 A. L. R. (2nd) 1003, with supporting authority, is to be found the following reportorial commentary:

" - - - - the courts in most of the few cases passing upon the question have denied to a tortfeasor the right to contribution from one whose concurrent

negligence produced the injury of the plaintiff in the tort action, where, because of a marital, filial, or other family relationship between such injured person and the tortfeasor against whom contribution is sought, the former had no enforceable right of action against the latter, since the element of common liability of both tortfeasors to the injured person, essential to the right of contribution, is lacking in such cases."

*"The element of common liability of both tortfeasors to the injured person"* has been suffered to become a fetish in the *ratio decidendi* stated just above. The element should not be a controlling condition or factor when one joint tortfeasor unintentionally and negligently has wrought harm which he is dispensed from righting because of his matrimonial union with the victim but which the other joint tortfeasor not in the marital relation must redress in full to the injured spouse without any equitable right of contribution from the joint tortfeasor spouse. Law is only sensibly formalistic. It is a practical science. It is of the very proper object of equity to prevent the application of a universal legal principle in an eventuality where unconscionable and unjustifiable hardship must otherwise ensue.

A prime canon of interpretation for the construction of the Maine Rules of Civil Procedure is stated in Rule 1, 155 Me. 479, as follows:

"- - - - They shall be construed to secure the just, speedy and inexpensive determination of every action."

In the instant case Ormand Bedell, an original plaintiff and third-party defendant, has been cited and designated conformably with M. R. C. P., Rule 14 (a), as a party who should be adjudged secondarily liable to Reagan, original defendant and third-party plaintiff, in contribution toward any recovery judgment of Mrs. Bedell in her action against Reagan. Barron and Holtzoff-Wright, § 421, *supra.*

Rule 14 (a) provides a technique for the impleading of the husband, Ormand Bedell, into a secondary and adversary relation with Reagan, defendant and third-party plaintiff, for the ancillary adjudication of any right of recourse of Reagan against Ormand Bedell for contribution in the foreseeable event of an unfavorable aftermath for Reagan from Mrs. Bedell's action against Reagan.

Rule 14 (a) would authorize the husband to wage fully his defenses and counterclaims against Reagan, third-party plaintiff.

The husband may not, however, assert any claim against his wife, the plaintiff, arising out of the transaction or occurrence which is the subject matter of the claim of Mrs. Bedell against Reagan because of the ancient and subsisting litigious disability operative between the Bedells. Nor for the same impediment may Mrs. Bedell assert against her third-party defendant husband any claim arising out of the transaction or occurrence which is the subject matter of Mrs. Bedell's claim against Reagan.

Rule 14 (a) permits the third-party defendant to *"assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim."* This privilege when, as in the case at bar, the third-party defendant and the plaintiff are husband and wife may present on occasion an unenviable dilemma to a third-party defendant spouse. The quoted text was added to Rule 14 (a) to supply a resource against the eventuality of a third-party's neglect or indifference in his own defense (Barron and Holtzoff-Wright, § 426, P. 685), a development not to be readily anticipated. Should such a contingency arise an assertion by a husband against his wife of a third-party plaintiff's defenses to the wife's action would be reliably calculated to engender marital discord but not to any insuperable degree. Such a regrettable evil must be regarded, however, as more tolerable

than a denial of contribution to the third-party plaintiff in cases such as the one at bar. The equities clearly preponderate in favor of just contribution for the third party rather than of undeserved immunity for the joint tortfeasor husband. The third-party plaintiff is entitled to the adjuncts provided by Rule 14 (a).

It will be a concern of the Trial Court in cases of this kind to conserve the rights of the parties where necessary by controlling the issuance of executions on judgments rendered to the end that a plaintiff may recover only from the original defendant who may obtain in turn only fixed contributions from a third-party defendant. M. R. C. P., Rule 54 (b), 155 Me. 554; *Chevassus* v. *Harley,* 8 F. R. D. 410, 413.

The mandate shall be:

> *Appeal sustained; Plaintiffs' motion overruled; Defendant's third-party complaint reinstated; Case remanded.*