BARRY M. POTTER AND SANDRA POTTER
*vs.*
SIDNEY R. SCHAFTER

Cumberland.   Opinion, July 23, 1965.

*Theodore Kurtz*, for Appellants.

*Richard D. Hewes*, for Appellee.

Sitting: Williamson, C. J., Webber, Tapley, Marden, Rudman, JJ. Sullivan, J., sat at argument but retired before the opinion was adopted.

Marden, J. On appeal. Plaintiff Barry M. Potter was injured in a motor vehicle accident due to alleged negligence of the defendant. In a complaint to recover for his injuries, his wife, Sandra Potter joins and in Count II of the complaint seeks to recover for her loss of consortium occasioned by her husband's injuries. Defendant's motion to dismiss Count II was granted. Plaintiffs appeal.

At common law, upon which basis our judicature rests, the plaintiff-wife has no such cause of action. 27 Am. Jur., Husband and Wife, §§ 513, 514; *Doe* v. *Roe*, 82 Me. 503, 20 A. 83; Restatement, Torts, § 695, to which no change has been indicated through the 1954 Supplement; 41 C. J. S., Husband and Wife, § 404; *Fuller* v. *American Telephone and Telegraph Co.*, 21 F. Supp. 741, [2] 742 (D. C. Mass. 1937).

We are urged to sustain the appeal, grant plaintiff-wife a right to recovery and thereby judicially legislate a new cause of action. Lead by *Hitaffer* v. *Argonne Co., Inc.*, 183 F. (2nd) 811 (D. C. Cir.) on which certiorari was denied in 340 U. S. 852, 71 S. Ct. 80 (1950), which granted the wife a cause of action for her loss of consortium of her husband resulting from negligent conduct of a third person, ten other states have followed by judicial decision[1] and one, Oregon[2], has done so by statute. Meantime nineteen jurisdictions, having considered the question, have denied recovery. See *Igneri* v. *Cie de Transports Oceaniques*, 323 F. (2nd) 257, 260, 261 (2 CCA 1963).

We are aware that as a common law court we have the power to grant this new cause of action, and we are reminded that in *Bedell* v. *Reagan*, 159 Me. 292, 192 A. (2nd) 24, we exercised this prerogative and held that a defendant

in a complaint brought by husband and wife for negligence resulting in wife's personal injury might implead the plaintiff-husband as a third party defendant, thereby allowing defendant equitable recourse for contribution toward the monetary damage which otherwise would compensate not only for his own fault, but also "the pecuniary equivalent of the husband's wrong," — but within the narrow limits prescribed.

The change in the common law declared by *Bedell* was not a result, however, of a collision between the principle of stare decisis and contemporary legal philosophy above, as is true in the present case. The adoption of our civil rules, effective December 1, 1959, introducing third party practice into Maine, which was a drastic departure from pre-rule procedure, was designed "to secure the just, speedy and inexpensive determination of every action." Rule 1, M. R. C. P. In *Bedell* the court dealt with a collision between Rule 14, M. R. C. P. and the common law "disability of reciprocal spouses" as cross litigants. *Bedell* at page 296. Under such circumstance we held that the integrity of the civil rules and their declared purpose, but within the narrow limits required equitably in the *Bedell* situation, overrode the pre-existing rule of marital disability of the common law. There is not only a distinction, but also a difference.

The proposed creation of a new cause of action in the wide field of torts merits consideration by the legislature,

---

[1] *Cooney* v. *Moomaw*, 109 F. Supp., 448 (D. Neb. 1953); *Brown* v. *Georgia-Tennessee Coaches, Inc.*, 77 S. E. (2nd) 24 (Ga. 1953); *Acuff* v. *Schmit*, 78 N. W. (2nd) 480 (Iowa 1956); *Missouri Pacific Transportation Co.* v. *Miller*, 299 S. W. (2nd) 41 (Ark. 1957); *Hoekstra* v. *Helgeland*, 98 N. W. (2nd) 669 (S. D. 1959); *Montgomery* v. *Stephan*, 101 N. W. (2nd) 227 (Mich. 1960); *Dini* v. *Naiditch*, 170 N. E. (2nd) 881 (Ill. 1960); *Stenta* v. *Leblang*, 185 A. (2nd) 759 (Del. 1962); *Duffy* v. *Lipsman-Fulkerson & Co.*, 200 F. Supp. 71 (D. Mont. 1961); and *Novak* v. *Kansas City Transit, Inc.*, 365 S. W. (2nd) 539 (Mo. 1963).

[2] Oregon Revised Statutes, § 108.010 (1955).

— where upon notice the diverse interests affected by such proposition may be heard. If Maine is to join the minority, though a respectable minority, it must do so through our legislative branch. Under the facts here, it is not for us "to usurp legislative authority." *Sacknoff* v. *Sacknoff,* 131 Me. 280, 283, 161 A. 669. Representations for a change such as here urged should be directed to the legislature. See *Howard* v. *Howard,* 120 Me. 479, 482, 115 A. 259, and *Mendall* v. *Pleasant Mountain Ski Development, Inc., et al.,* 159 Me. 285, 290, 191 A. (2nd) 633.

*Appeal dismissed.*