James D. WALLACE

v.

CITY OF SOUTH PORTLAND, et al.

Supreme Judicial Court of Maine.

Argued Feb. 1, 1991.

Decided June 10, 1991.

Graydon Stevens (orally), Kelly, Remmel & Zimmerman, Portland, for plaintiff.

Justin Leary (orally), Robert Laskoff, Lewiston, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

ROBERTS, Justice.

The City of South Portland and its insurance carrier appeal a decision of the Appellate Division of the Workers' Compensation Commission holding that the city's employee, James D. Wallace, is entitled to retain payments he received under the city's uninsured motorist coverage in addition to his workers' compensation benefits. Because 39 M.R.S.A. § 68 (1989) permits the employer to recover the proceeds of its uninsured motorist coverage, we vacate the decision of the Appellate Division.

In July, 1984, Wallace was struck and injured by an uninsured motorist in the course of his duty as a police officer in South Portland. At the time of the accident, Wallace's personal auto policy included uninsured motorist coverage and the city had uninsured motorist coverage under its business auto policy with Granite State Insurance Company. Wallace submitted claims for his injuries to both insurers. The claims were denied and Wallace began a civil action against the uninsured motorist, Wallace's personal insurer and Granite State. The uninsured motorist was judgment-proof, but Wallace settled for $40,000 from his insurer and $27,500 from Granite State. After payment of attorney's fees and expenses, Wallace received $25,834.79 from his personal insurer and $18,309.14 from Granite State.

The injury resulting from this accident caused Wallace permanent disability, and the city began paying him workers' compensation benefits shortly after it occurred. As of September 1988, he had received benefits in excess of one hundred thousand dollars. Wallace continues to receive workers' compensation benefits.

In July, 1988, the city filed a Motion for Recovery of Overpayment or, in the alternative, a Motion for Suspension of Benefits with the Workers' Compensation Commission. The city asserted that it had a lien on the uninsured motorist payments Wallace had recovered under his personal policy as well as under the city's policy. The Commission ruled that, although the city did not have a lien against the recovery under Wallace's personal policy, it did have a lien on payments received under its own uninsured motorist coverage. The decision allowed the city to partially offset compensation payments until the lien was satisfied.

Wallace then appealed to the Appellate Division. The city did not file a cross-appeal, thereby accepting that its lien did not

extend to the amount recovered under Wallace's personal policy. The Appellate Division reversed, finding that section 68 was meant to prevent the employee from receiving double recovery for an injury. The Appellate Division concluded that the lien provision of section 68 is not applicable in a situation such as Wallace's where the employee's injury could not be fully compensated, much less over compensated, by a combination of the workers' compensation benefits and the auto insurance coverage. The city challenges the decision of the Appellate Division.

Section 68 gives an employer an automatic lien on "any damages subsequently recovered against the third person liable for the injury." 39 M.R.S.A. § 62, however, exempts from this lien insurance benefits purchased by the employee himself. The position urged upon us by Wallace and adopted by the Appellate Division would also except employer-purchased coverage from the scope of the lien created by section 68. Although Wallace makes a plausible policy argument in favor of his position, we cannot ignore the fact that the Legislature, in section 62, provides an explicit exception for coverage purchased by the employee himself but has failed to make a similar exception for employer-purchased insurance coverage.

Examining section 68, we find no other language that plausibly creates an exception for employer-purchased coverage. Section 68 holds that the employer "shall have a lien for the value of compensation paid on any damages subsequently recovered against the third person liable for the injury," but nothing in this language limits "the third person liable for the injury" specifically to a tortfeasor. When as here, the Legislature has expressly created an exception as part of the statutory scheme, we will not create an additional judicial exception. *See American Mutual Insurance Company v. Murray*, 420 A.2d 251 (Me. 1980) (*per curiam*).

The entry is:

Decision of the Appellate Division vacated.

Remanded with instruction to affirm the Commission.

It is further ordered that the employer pay the employee $750 for attorney fees plus reasonable out-of-pocket expenses for this appeal.

All concurring.