Lucien DIONNE

v.

LIBBEY–OWENS FORD CO.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1992.

Decided March 2, 1993.

---

415

Alan M. Muir (orally), Richardson & Troubh, Portland, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Libbey–Owens Ford Co. appeals from a decision of the Appellate Division of the Workers' Compensation Commission, affirming a Commission decree that a settlement received by an injured employee's wife for loss of consortium is not subject to the employer's lien under section 68 of the Workers' Compensation Act (39 M.R.S.A. § 68 (1989)[1]) and that the amount of additional compensation payments paid by the employer post-settlement were to be added to the employer's remaining setoff rights. On appeal, the employer contends that both findings are erroneous in that (1) damages for loss of consortium are subject to the employer's lien and (2) the proper disposition for the post-settlement payments is immediate reimbursement. We disagree with the employer's contentions and affirm the decision of the Appellate Division of the Workers' Compensation Commission.

On April 13, 1982, Lucien Dionne, a truck driver for the Libbey–Owens Ford Co., was injured in the course of employment in an accident involving two trailer trucks. Since this was a compensable injury, Libbey–Owens paid benefits to Dionne pursuant to the Maine Act, 39 M.R.S.A. §§ 1–195 (1989 & Supp. 1992). Dionne and his wife subsequently brought suit against the employer of the third-party tortfeasor, Caravan Refrigerated Cargo, Inc. That suit was settled in favor of the Dionnes for $475,000. After deducting a proportionate share of expenses and attorney fees, Libbey–Owens was reimbursed $122,406.62, the full amount of its then existing employer's lien.[2] Libbey–Owens also suspended

Mary B. Devine (orally), Zuckerman, Avaunt, Devine & Page, Gray, for employee.

1. Now § 107 of Title 39–A M.R.S.A. (Pamph. 1993).

2. The employer's lien as set forth in 39 M.R.S.A. § 68 (1989):

When an injury or death for which compensation or medical benefits are payable under this Act shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim such compensation and benefits or obtain damages from

benefit payments to Dionne in accordance with our interpretation of section 68 in *Liberty Mutual Insurance Co. v. Weeks*, 404 A.2d 1006 (Me.1979).[3]

Dionne then filed a petition for review in which he asked for the resumption of payments with a setoff only for the amount received from an annuity established pursuant to an agreement between Dionne and the negligent third party tortfeasor. After a hearing, the Workers' Compensation Commission held that the employer had the right to set off any future compensation payments for the liability incurred until the amount credited to Libbey-Owens equals the employee's net recovery from the third party tortfeasor. The Appellate Division vacated that decision, holding that the Commission lacked jurisdiction to resolve that issue. The Division ordered the resumption of compensation benefits retroactive to May 26, 1987, the date that Libbey-Owens exercised its right to a setoff. We subsequently vacated the decision of the Appellate Division and remanded the matter to the Appellate Division to consider the merits of Dionne's appeal from the Commission's original decree. *Dionne v. Libby-Owens Ford Co.*, 565 A.2d 657 (Me.

1989). In the interim, Libbey-Owens paid nearly $68,000 in additional benefits.

The Appellate Division thereafter remanded the case to the hearing commissioner for a determination of the amount of Dionne's net recovery from the third party settlement. The Commission found that Dionne's net recovery was $114,695 excluding the sum of $80,000 which was allocated by Dionne and the third party to the loss of consortium claim of Dionne's spouse, and denied Libbey-Owens's request that Dionne directly repay the nearly $68,000 that was paid pending Libbey-Owens's successful first appeal. The Appellate Division affirmed the decision of the Commission. Pursuant to 39 M.R.S.A. § 103-C, we granted Libbey-Owens's petition for a review of the decision.

## I.

The primary contention of Libbey-Owens on appeal is that the Appellate Division erred in holding that an employer's section 68 lien does not extend to settlement proceeds allocated to a spouse's claim for the loss of consortium. Although we have previously identified this issue,[4] we have not

---

or proceed at law against such other person to recover damages.

If the injured employee elects to claim compensation and benefits under this Act, any employer having paid such compensation or benefits or having become liable therefor under any compensation payment scheme shall have a lien for the value of compensation paid on any damages subsequently recovered against the third person liable for the injury. If the employee or compensation beneficiary fails to pursue his remedy against the third party within 30 days after written demand by an employer or compensation insurer in interest, the employer or compensation insurer shall be subrogated to the rights of the injured employee and shall be entitled to enforce liability in their own name or in the name of the injured party; the accounting for the proceeds to be made on the basis provided.

If the employee or compensation beneficiary recovers damages from a third person, he shall repay to the employer or compensation insurer, out of the recovery against the third person, the benefits paid to him by the employer or compensation insurer under this Act, less said employer's or compensation insurer's proportionate share of cost of collection, including reasonable attorney's fees....

**3.** In *Weeks*, we held that the employer's lien on employee's recovery against third parties extends to entitle employer to recoup not only post-settlement compensation payments already made, but also to set off any future compensation payments for the liability incurred, until the amount so credited to the employer should equal the employee's net recovery from the third party. *Weeks*, 404 A.2d 1012–1013.

**4.** In *Liberty Mutual Insurance Co. v. Weeks*, 404 A.2d 1006 (Me.1979), we noted:

Defendants also asked the Superior Court to rule that those portions of the recovery from the third person allocable to pain and suffering and loss of consortium would be outside the reach of the Section 68 lien. The Superior Court[ ] ... refused to rule with regard to loss of consortium.... The Superior Court concluded that to rule upon the "nominal" damages for loss of consortium (and, it would seem, indeterminate or non-existent damages for pain and suffering) would be to render an advisory opinion.

... Here, we see no reason to differ with the Superior Court's refusal to adjudicate as to the "loss of consortium" and the "pain and suffering" issues.

*Id.* at 1008 n. 4.

had occasion to resolve it. This question is now squarely presented. In order to properly analyze the scope of the employer's lien, it is necessary to briefly review the history of the Workers' Compensation Act and the enactment of section 167–A of Title 19 of the Maine Revised Statutes granting a married woman the right to bring a civil action in her own name for loss of consortium of her husband.

■ The general purpose of the Workers' Compensation Act "is to provide an effective and expeditious means of compensating injured workers for loss of earning capacity." *See Ciccotelli v. KTS Industries, Inc.*, 415 A.2d 1091, 1092 (Me.1980); *Brown v. Palmer Const. Co.*, 295 A.2d 263, 265 (Me.1972). The original form of the Act was enacted in 1915 and provided the injured worker with an election of remedies: he could either claim the statutory benefits or seek damages from the third party tortfeasor, if one existed. *Liberty Mutual Insurance Co. v. Weeks*, 404 A.2d 1006, 1010 (Me.1979). If the employee chose the compensation benefits, the employer was subrogated to the employee's common law rights in order to recover its compensation outlay. *Id.*

In 1921, the Legislature amended the Act and "introduced a new and radical change in favor of the injured person." *Foster v. Congress Square Hotel Co.*, 128 Me. 50, 55, 145 A. 400 (1929). The Act was changed to restore to the employee his common law right of action against the third party tortfeasor in the event that the employer, after written demand, failed to bring an action against the third party tortfeasor to which it was subrogated within ninety days. *Weeks*, 404 A.2d at 1011. Its purpose was to prevent employers from failing to pursue their subrogation remedy, thereby allowing third party tortfeasors to enjoy an unintended immunity. *Id.*

In 1969, the Act was substantially overhauled to prevent what had become a common practice, namely, employers or their insurance carriers, settling with third party tortfeasors for an amount which merely approximated their compensation liability, thereby denying the injured employee full recovery since the employer was under a duty to remit any excess recovery to the employee. *Id.* The 1969 amendments gave priority to the injured employee. It allowed the employee to bring suit against the third party immediately. As a compromise, the employer was given a lien on "any damages subsequently recovered against the third party liable for the injury." *Wallace v. City of South Portland*, 592 A.2d 1076, 1077 (Me.1991) (quoting 39 M.R.S.A. § 68).

Although we have said that the purpose of section 68 is to "give the carrier 'total reimbursement out of the proceeds' of any recovery against the third person"[5] and it has been stated that the statute's language signified that the lien secured reimbursement of all benefits "paid on any damages subsequently recovered against the third person ...,"[6] the Legislature has never given the employer the right to sue on behalf of an employee's wife on account of the wife's loss of consortium.

■ Under common law, a wife had no cause of action for her loss of consortium occasioned by her husband's injuries. *Potter v. Schafter*, 161 Me. 340, 341, 211 A.2d 891 (1965). In response to our decision in *Potter v. Schafter*, the Legislature enacted section 167–A of Title 19 M.R.S.A.[7] providing that "[a] married woman may bring a civil action in her own name for loss of consortium of her husband." *See McKellar v. Clark Equipment Co.*, 472 A.2d 411, 413 (Me.1984). Loss of consortium claims are "derived from the marital relationship and the rights attendant upon it," and not from a spouse's employment relationship.

**5.** *Liberty Mutual Insurance Co. v. Weeks*, 404 A.2d 1006, 1012 (Me.1979); *see Roberts v. American Chain & Cable Co.*, 259 A.2d 43, 49 (Me. 1969) (employee should receive "recoupment in full"); *Buzynski v. Knox County*, 159 Me. 52, 59, 188 A.2d 270, 274 (1963) ("recovery from a third party should be applied against compensation").

**6.** *See* 39 M.R.S.A. § 68; *Weeks*, 404 A.2d at 1012.

**7.** P.L. 1967, Ch. 13

*See* W. Keeton, Prosser and Keeton on The Law of Torts § 125, at 932 (5th ed. 1984). As Dionne suggests, section 68 of the Workers' Compensation Act deals only with the rights and obligations of the injured employee who recovers from a third party. Section 68 does not mention the rights of the employee's spouse who pursues a consortium claim against the third party. This right belongs to the wife and is separate and apart from the husband's right to bring his own action against the party responsible for his injuries or if he does not proceed, the right of his employer to bring such an action. Our Legislature, by the enactment of section 167–A against the background of the Workers' Compensation Act and specifically its section 68 lien, establishes a separate right to the wife and we hold that damages recovered by the wife are her property not subject to her husband's employer's section 68 lien.

## II.

■ As a result of the Appellate Division's initial decision vacating the original Commission decree regarding the employer's lien and setoff rights, the employer paid to the employee an additional $67,970.01 in compensation benefits. We then vacated the decision of the Appellate Division, which resulted in the case being remanded back to the Commission. The Commission then concluded that the employer had a right to recover that amount and that the employer could add that amount to its remaining setoff rights. The Appellate Division subsequently upheld that decision. However, on appeal, Libbey–Owens contends that the Commission erred by not ordering the employee to make direct repayment.

39 M.R.S.A. § 104–A(1) (1989) governs an employer's right to recover payments made pending appeal:

> The employer or insurer may recover from an employee payments made pending appeal to the Appellate Division or pending report or appeal to the Law Court *if and to the extent that the Appellate Division or the Law Court has decided that the employee was not enti-*tled *to the compensation paid.* The commission shall have full jurisdiction to determine the amount of overpayment, if any, and the amount and schedule of repayment, if any. The commission, in determining whether or not repayment should be made and the extent and schedule of repayment, shall consider the financial situation of the employee and his family and shall not order repayment which would work hardship or injustice. (Emphasis added).

In this case, the employer's section 68 *right* to set-off future compensation payments is not subject to the discretion granted to the Commission under section 104–A(1) of the Act because at no time has "the Appellate Division or the Law Court ... decided that [Dionne] was not entitled to the compensation paid." The mere fact that commencement of the set-off has been delayed since 1987 by this litigation does not mean that the nearly $68,000 paid to Dionne in the interim was compensation to which he was not entitled. Until such time as it is established that Dionne received benefits to which he was not entitled, section 104–A(1) has no application and the employer has the absolute right to set-off future compensation payments until the set-off equals Dionne's net recovery.

The entry is:

The decision of the Appellate Division is affirmed.

All concurring.