STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-0157

RECEIVED & FILED

JAN 23 2017

ANDROSCOGGIN
SUPERIOR COURT

LORI BAILLARGEON

　　　Plaintiff,

v.

GARY BAILLARGEON,

　　　Defendant.

)
)
)
)
)
)
)
)
)
)
)

ORDER ON PLAINTIFF'S
MOTION TO DISMISS

Before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim.

I.　　Background

Plaintiff Lori Baillargeon and Defendant Gary Baillargeon married in 1991. In 2014, Plaintiff and Defendant began divorce proceedings in Lewiston District Court. On September 29, 2014, after the divorce proceedings had begun, Plaintiff brought this action in the Superior Court for assault and battery, intentional or negligent infliction of emotional distress, and malice. Defendant filed a counterclaim on November 3, 2014 asserting counts of abuse of process, interference with an advantageous relationship, intentional infliction of emotional distress, and defamation. On November 10, 2014, Plaintiff filed a Motion to Dismiss Defendant's Counterclaim.

II.　　Standard of Review

On review of a motion to dismiss for failure to state a claim, the Court accepts the facts alleged in the complaint as true. *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830. The Court "examine[s] the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Doe*

1

*v. Graham*, 2009 ME 88, ¶ 2, 977 A.2d 391 (quoting *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830). "For a court to properly dismiss a claim for failure to state a cause of action, it must appear 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.'" *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (quoting *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995)).

III.    Discussion

Plaintiff moves the Court for dismissal of Defendant's Counterclaim on the basis that all claims alleged are barred by the doctrine of spousal immunity. The doctrine of spousal immunity holds that no cause of action arises from tortious conduct committed between spouses during a marriage. *Abbott v. Abbott*, 67 Me. 304, 305-06 (1877). The purpose of spousal immunity is the "preservation of domestic peace and felicity." *Bedell v. Reagan*, 159 Me. 292, 296, 192 A.2d 24 (Me. 1963). However, the Law Court has found that spousal immunity is not to be applied where doing so would produce injustice. *Id.* at 297; *MacDonald v. MacDonald*, 412 A.2d 71, 75 (Me. 1980) ("the general rule of tort law that one person injured by the tortious conduct of another person may maintain a civil action to recover damages from the tortfeasor is not rendered inapplicable solely because the injured person and the tortfeasor were husband and wife when the tort was committed.").

In determining whether application of the doctrine of spousal immunity would produce injustice, "the court should examine the policy reasons advocated for the immunity and how those policy reasons relate to the strong general principle of Maine law that there should be no wrong without a remedy." *Smith v. LaMontagne*, 1982 Me. Super. LEXIS 56, *3 (Me. Super. Ct. Oct.

2

25, 1982). Stated another way, the Court must make a ruling as to whether the complained of conduct is considered to be "privileged or not tortious" between spouses, even if the conduct would be considered differently between individuals with no spousal ties. *MacDonald v. MacDonald*, 412 A.2d 71, 75 n. 5 (Me. 1980).

In *Henricksen v. Cameron*, the Law Court applied this reasoning to a claim for intentional infliction of emotional distress for physical and verbal abuse committed during a marriage:

> The issue before us then, is whether physical violence accompanied by verbal abuse that was intended to inflict emotional distress is, by virtue of the mutual concessions implicit in marriage, privileged or not tortious because the parties were married to each other when that violence occurred. We hold that it is not so privileged.

*Henriksen v. Cameron*, 622 A.2d 1135, 1138 (Me. 1993). The Court analyzes each claim put forth by Defendant according to this reasoning.

    a. Abuse of Process

Defendant has brought a claim for abuse of process. Abuse of process may be found where a plaintiff has alleged "the use of process in a manner improper in the regular conduct of the proceeding and the existence of an ulterior motive." *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 7, 708 A.2d 283, 286 (Me. 1998). "Regular use of process can not constitute abuse, even though the user was actuated by a wrongful motive, purpose or intent." *Saliem v. Glovsky*, 132 Me. 402, 406, 172 A. 4, 6 (Me. 1934). In the current case, Defendant has failed to set out the elements of abuse of process. Instead, Defendant has asserted that Plaintiff was motivated to bring suit in order to gain leverage in the underlying divorce proceeding and/or to cause professional injury and embarrassment to Defendant. Defendant has not pled that there is no underlying legal basis for the

3

action. The Court grants Plaintiff's Motion to Dismiss Defendant's Counterclaim with respect to Defendant's claim for abuse of process. The Court does not reach the question of applicability of the doctrine of spousal immunity to the cause of action of abuse of process.

    b. Interference with an Advantageous Relationship

Defendant's claim of interference with an advantageous relationship is similarly dismissed. Interference with an advantageous relationship requires the existence of a valid contract or prospective economic advantage, interference with that contract or advantage through fraud or intimidation, and damages proximately caused by the interference." *Barnes v. Zappia*, 658 A.2d 1086, 1090 (Me. 1995). In the case before the Court, Defendant has failed to make a showing of fraud or intimidation. The Court must determine whether Eva Degan's letter, and the alleged actions of Plaintiff's attorney in delivering Degan's letter to Defendant's supervisor amount to more than what is generally tolerable in a marital relationship. The Court finds that this type of conduct is not "utterly intolerable in a civilized society." *Henriksen*, 622 A.2d at 1139. Therefore, the Court finds that Defendant's claim for interference with an advantageous relationship is barred by spousal immunity. This economic claim is better suited for consideration within the divorce proceeding.

    c. Intentional Infliction of Emotional Distress

Plaintiff has moved the Court for dismissal of Defendant's counterclaim for intentional infliction of emotional distress. Intentional infliction of emotional distress requires a showing of

> facts tending to show that the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from its conduct; that "the

4

conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community"; that the actions of the defendant caused the plaintiff's emotional distress; and that the emotional distress suffered by the plaintiff was "so severe that no reasonable [person] could be expected to endure it."

*Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 15, 711 A.2d 842.

As discussed above, the Court has specifically held this claim out as not subject to the doctrine of spousal immunity where the complaining spouse alleges physical abuse. *Henriksen,* 622 A.2d at 1138 (Me. 1993). Defendant does not allege physical abuse, however, he does allege public embarrassment, inability to care for his daughter and the potential loss of job or suspension therefrom. Viewing the facts in the light most favorable to Defendant, the Court denies Plaintiff's Motion to Dismiss with respect to Defendant's claim for intentional infliction of emotional distress.

### d. Defamation

Defendant's final counterclaim alleged is for defamation. In order to make out a claim for defamation, a complaining party must allege a false statement made with knowledge or negligent disregard of the falsity of the statement to a third party that caused harm to the complaining party. *Rippett v. Bemis,* 672 A.2d 82, 86 (Me. 1996). Defendant alleges that Plaintiff's statements concerning abusive behavior towards Plaintiff and misuse of his authority as a police officer in addition to Plaintiff's publication of Degan's letter amounts to defamation.

The Court must determine whether false statements made publicly are outside of the realm of what is accepted behavior between spouses. Again, the Court does not condone such behavior. However, the Court finds that the application of the doctrine of spousal immunity is conducive to marital harmony

5

and that removing the bar to defamation actions between spouses could lead to a series of frivolous cases. False accusations and vindictive litigation is of particular concern following dissolution of marriage, because "the events leading to most divorces involve some level of emotional distress." *Henriksen*, 622 A.2d at 1139. Therefore, the Court applies the doctrine of spousal immunity and dismisses Defendant's claim for defamation.

IV.  Conclusion

The Court grants Plaintiff's Motion to Dismiss Defendant's Counterclaims with respect to Counts I, II, and IV.

The Court denies Plaintiff's Motion to Dismiss Defendant's Counterclaim with respect to Count III.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 1/23/17

MaryGay Kennedy
Justice, Superior Court